UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Delray Richardson,<br><br>    Plaintiff,<br><br>  v.<br><br>The Arena Group Holdings, Inc. d/b/a<br>thespun.com,<br><br>    Defendant. | Case No:<br><br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Delray Richardson ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant The Arena Group Holdings, Inc. d/b/a thespun.com ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is a professional photographer, videographer and visual artist whose work has been published, displayed, marketed, and licensed for editorial, commercial, entertainment, and media-related purposes. Through years of professional experience, Plaintiff has developed a distinctive body of photographic work and has devoted substantial time, skill, creativity, and financial resources to creating and maintaining a valuable portfolio of original images.

3. Plaintiff is recognized for his creative contributions to the entertainment and media industries and has earned professional acclaim for his work. His creative endeavors have received industry recognition, and he has collaborated with prominent artists, entertainers, and media professionals throughout his career. Through the creation and licensing of original visual content, Plaintiff has established a reputation for producing commercially valuable and highly sought-after creative works.

4. Plaintiff created a Video of former basketball player Michael Jordan breaking up a

1

fight (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

5.    Defendant is a digital media and publishing company that owns, operates, manages, and controls numerous online media properties focused on sports, entertainment, finance, and lifestyle content. Through its portfolio of digital publications, Defendant creates, publishes, distributes, and monetizes editorial content for audiences throughout the United States and internationally.

6.    Defendant owns and operates the website located at www.thespun.com (the "*Website*"), which is published under the brand name The Spun. The Spun is a digital sports and entertainment media publication that covers trending stories, sports news, commentary, and social-media-related content and reaches millions of readers each month through its website and associated digital platforms.

7.    The Spun was founded in 2012 and was subsequently acquired by The Arena Group in or about June 2021. Since that acquisition, Defendant has owned, controlled, operated, and commercially exploited the Website as part of its network of media properties.

8.    Upon information and belief, Defendant uses the Website to publish, display, reproduce, distribute, and promote written content, photographs, videos, and other media to the public. The Website forms an integral part of Defendant's commercial operations and generates revenue through advertising, sponsorships, audience engagement, and related digital-media activities.

9.    Upon information and belief, all content appearing on the Website, including photographs, articles, images, and other media displayed therein, is published, authorized, approved, controlled, and/or distributed by Defendant or by persons acting on Defendant's behalf and within the scope of their authority.

10.    Defendant, without authorization publicly displayed the Video in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

2

**PARTIES**

11.     Plaintiff is an individual who is a citizen of the State of California and maintains a principal place of business in Orange County, California.

12.     Defendant is a Delaware corporation with a principal place of business at 200 Vesey Street, 24th Floor, New York in New York County, New York.

**JURISDICTION AND VENUE**

13.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

14.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

15.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant resides in, transacts business in, and/or may be found in this District, and because a substantial part of the acts and omissions giving rise to the claims asserted herein occurred in this District.

**FACTS COMMON TO ALL CLAIMS**

A.     **Plaintiff's Copyright Ownership**

16.     Plaintiff is a professional Videographer by trade who is the legal and rightful owner of certain Videos which Plaintiff commercially licenses.

17.     Plaintiff has invested significant time and money in building Plaintiff's Video portfolio.

18.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's Videos while many others are the subject of pending copyright applications.

19.     Plaintiff regularly licenses Plaintiff's Videos to media outlets, brands, and commercial entities for a fee.

20.     Plaintiff's Videos are original, creative works in which Plaintiff owns protectable copyright interests.

3

21.     On May 4, 2015, Plaintiff first published the Video. A screengrab of the Video is attached hereto as Exhibit 1.

22.     In creating the Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

23.     On November 17, 2017, the Video was registered by the USCO under Registration No. PA 2-063-393.

24.     Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

25.     Defendant is the registered owner of the Website and is responsible for its content.

26.     Defendant is the operator of the Website and is responsible for its content.

27.     The Website is a key component of Defendant's popular and lucrative commercial enterprise.

28.     The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

29.     Upon information and belief, Defendant is a sophisticated media corporation with advanced operational and strategic expertise in an industry where copyright is prevalent.

30.     Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because it was a professional-quality image created for commercial exploitation and distributed through commercial licensing channels

31.     Upon information and belief, Defendant knew or should have known that the Video was protected by copyright, including because the Video was of professional quality and distributed through commercial channels. Despite this, Defendant used the Video without seeking permission or obtaining a license.

32.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure

4

that video recordings used in their posts have been properly licensed.

33.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

34.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

35.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

36.    On or about July 23, 2023, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Video on the Website as part of an on-line story at URL: https://thespun.com/nba/fans-are-stunned-by-video-of-michael-jordan-breaking-up-a-fight (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

37.    The Twitter/X post embedded by Defendant in the Website is itself an infringing unauthorized use of the Video.

38.    The Infringement is a copy of Plaintiff's video recording, including identical composition, subject matter, lighting, and perspective, that was displayed by Defendant.

39.    Plaintiff first observed the Infringement on July 26, 2023.

40.    Upon information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video.

41.    The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

42.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying video recordings including but not limited to Plaintiff's Video.

43.     Defendant exercised control over the content published on its Website and was responsible for selecting, uploading, and displaying the Video. Defendant used the Video in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

44.     Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Photograph.

45.     Defendant exercised control over the content published on its Website and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

46.     Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf, including but not limited to Andrew Holleran, whom Defendant publicly identifies as a Editor, The Spun through its Website (collectively, the "*Representatives*").

47.     Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Website on Defendant's behalf.

48.     Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

49.     Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Website, including the content containing Plaintiff's Photograph.

50.     Upon information and belief, the Representatives actively reviewed, monitored,

edited, managed, moderated, and otherwise exercised control over content appearing on the Website. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

51.    Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website and exercised such control through its Representatives acting within the course and scope of their authority.

52.    Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

53.    Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringements were selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

54.    Upon information and belief, the Infringements were not posted at the direction of a "user" within the meaning of 17 U.S.C. §512(c), but instead were affirmatively selected and published by Defendant and/or its Representatives.

55.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

56.    Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

57.    Defendant exercised editorial, managerial, and operational control over the content appearing on the Website.

58.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to

7

exercise such right.

59.     Upon information and belief, Defendant monitors the content on its Website.

60.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

61.     Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

62.     Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

63.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

64.     Defendant's use of the Photograph harmed the actual market for the Photograph.

65.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

66.     Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

67.     On September 2023 and October 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

68.     Thereafter, on November 7, 2025, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

69.     Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

70.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**

8

*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

71.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

72.    The Video is an original, creative work in which Plaintiff owns a valid copyright.

73.    The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

74.    Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

75.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

76.    Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

77.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority.

78.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

79.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

80.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled

9

to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### *(Vicarious Copyright Infringement)*

81.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

82.     Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives, including but not limited to Andrew Holleran, with respect to content appearing on the Website.

83.     As a direct and proximate result of such conduct, Defendant profited from and materially benefited from the Infringement.

84.     Defendant enjoyed a direct financial benefit from the Infringement from, *inter alia*, advertising revenue from the increased traffic to its Website and from increase in fees paid by advertisers and sponsors.

85.     Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of Plaintiff's Photograph to increase user traffic to the Website, thereby increasing advertising revenue.

86.     Defendant is liable as a vicarious infringer since it profited from the Infringement while declining to exercise a right to stop or limit it.

87.     Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

88.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

10

89.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

90.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

91.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

92.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

93.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

94.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b)

in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.

DATED: July 7, 2026

**SANDERS LAW GROUP**

By: _/s/ Craig Sanders_

Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 128513

*Attorneys for Plaintiff*